WOODALL, Justice.
State Farm Mutual Automobile Insurance Company (“State Farm”) and Pam Freeman, one of its agents, appeal from a judgment in favor of Adam Nix, in Nix’s action against them alleging misrepresentation, suppression, and negligent failure to procure insurance. We affirm in part and reverse in part.
On March 31, 1999, Nix telephoned Freeman’s office to procure automobile insurance on a new vehicle, which he had decided to lease. He spoke with Georgians Cutchen, Freeman’s licensed staff assistant. According to Nix, at the end of their conversation, Cutchen told him that the vehicle was insured. Cutchen, on the other hand, testified she told Nix that the vehicle was insured for only 30 days and that he would have to complete an application for insurance and pay a premium to obtain coverage on the vehicle beyond 30 days.
Nix proceeded to lease the vehicle. On May 24, 1999, 54 days after his conversation with Cutchen, Nix had an accident, damaging the vehicle. When Nix’s mother’ telephoned Freeman’s office to report the accident, she was informed that the vehicle was not insured.
On February 9, 2001, Nix sued State Farm and Freeman.- Ultimately, Nix’s misrepresentation, suppression, and negligent-failure-to-procure-insurance . claims were submitted to -a jury. • The jury returned a verdict against State Farm and Freeman, assessing compensatory damages of $15,325.54 and punitive damages of $200,000. In response to a posttrial motion filed by State Farm and Freeman, the trial court remitted the punitive-damages award to $76,627. State Farm and Freeman appealed.
On appeal, State Farm and Freeman challenge the sufficiency of the evidence offered by Nix in support of both his compensatory-damages claims and his punitive-damages claim. After careful review, we have concluded that Nix’s compensatory-damages claims were properly submitted to the jury for factual resolution, and that the trial court’s judgment must be affirmed insofar as the compensatory-damages award is concerned. However, State Farm and Freeman have convinced us that the trial court erred in submitting Nix’s punitive-damages claim to the jury.
Nix’s misrepresentation and suppression claims were premised upon Cutchen’s March 31, 1999, telephone conversation with Nix, and allegedly supported by pre-accident conversations Nix’s mother and the lessor of the vehicle had with Cutchen when they inquired about the status of the insurance. Thus, it is clear that Nix sought to hold State Farm and Freeman liable for punitive damages based solely upon Cutchen’s acts or omissions. In submitting those claims to the jury,, the trial court, without objection, instructed the jury that punitive damages could be awarded only if the jury found by clear and convincing evidence that any misrepresentation or suppression was intentional.
*491 “Alabama law provides that a principal is liable for punitive damages awarded as a result of acts [or omissions] of its agent that amount to intentional wrongful conduct or conduct involving malice only under certain circumstances.” Shoney’s, Inc. v. Barnett, 773 So.2d 1015, 1028 (Ala.Civ.App.1999). Those circumstances are prescribed by the Legislature:
“A principal, employer, or other master shall not be liable for punitive damages for intentional wrongful conduct or conduct involving malice based upon acts or omissions of an agent, employee, or servant of said principal, employer, or master unless the principal, employer, or master either: (i) knew or should have known of the unfitness of the agent, employee, or servant, and employed him or continued to employ him, or used his services without proper instruction with a disregard of the rights or safety of others; or (ii) authorized the wrongful conduct; or (iii) ratified the wrongful conduct; or unless the acts of the agent, servant or employee were calculated to or did benefit the principal, employer or other master, except where the plaintiff knowingly participated with the agent, servant, or employee to commit fraud or wrongful conduct with full knowledge of the import of his act.”
§ 6-ll-27(a), Ala.Code 1975. In his brief, Nix fails to address the application of this statute to the facts of his case. On the other hand, State Farm and Freeman argue convincingly that Nix “failed to introduce any legally sufficient evidence to meet [his] burden” under § 6 — 11—27(a). Appellants’ brief, at 67.
Nix offered no evidence indicating that Cutchen, a licensed and trained staff assistant, was unfit to perform the duties of her employment. Also, he presented no evidence indicating that State Farm or Freeman authorized or ratified Cutchen’s conduct. Finally, Nix introduced no evidence indicating that Cutchen’s actions benefited State Farm or Freeman in any manner.
In a rather confusing argument, Nix seems to contend that the punitive-damages award against State Farm and Freeman was somehow appropriate because neither State Farm nor Freeman acknowledged Cutchen’s alleged wrongdoing or paid the claim Nix submitted for the damaged vehicle. Obviously, such a failure-to-ratify argument ignores the clear statutory mandate of § 6-ll-27(a). Thus, we must conclude that the punitive-damages award was not supported by sufficient evidence.
For' the foregoing reasons, the trial court’s judgment is affirmed insofar as the compensatory-damages award is concerned, but it is reversed insofar as the punitive-damages award is concerned. This cause is remanded to the trial court for proceedings consistent with this opinion.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.
HOUSTON, LYONS, JOHNSTONE, and HARWOOD, JJ., concur.